UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANICE HENNESSEY,<br><br>      Plaintiff,<br><br>   v.<br><br>PENDRICK CAPITAL PARTNERS LLC ET AL,<br><br>      Defendant. | Case No. 3:24-cv-05942<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

## I.   INTRODUCTION

Before the court is Defendants Pendrick Capital Partners LLC and Pendrick Capital Partners Asset Management LLC's motion to dismiss. Dkt. 18. For the following reasons, the motion is GRANTED in part and DENIED in part. Plaintiff Janice Hennessey is also granted leave to amend her complaint no later than March 24, 2025.

## II.   BACKGROUND

The following facts are those alleged in the second amended complaint. Dkt. 17. The Court takes the factual allegations as true and construes them in the light most favorable to Ms. Hennessey as required on a 12(b)(6) motion. *See Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 1

Around May 28, 2024, Ms. Hennessey reviewed her consumer credit reports from three major agencies and found an unfamiliar entry by "Pendrick Capital Partners." Dkt. 17 ¶ 39. After examining her TransUnion credit report, Ms. Hennessey discovered that Defendants had pulled her credit report on May 18, 2024, and placed an inquiry on her consumer file. *Id.* ¶ 40.

Ms. Hennessey alleges that Defendants obtained her credit report "without a permissible credit transaction, court order, a permissible purpose, permissible account or without her knowledge or consent." *Id.* Specifically, Ms. Hennessey asserts that she did not initiate any credit transactions, nor was she involved in any credit transactions with Defendants. *Id.* ¶¶ 25–26. Ms. Hennessey also alleges that she is not aware of any collection accounts acquired by Defendants and does not have any existing credit transactions that were subject to collection efforts by Defendants. *Id.* ¶¶ 27–28. She did not engage Defendants for an employment relationship or any insurance benefits. *Id.* ¶¶ 29–30.

Since Ms. Hennessey has not conducted any business transactions with Defendants or incurred financial obligations to Defendants, she alleges Defendants had no permissible purpose to obtain her credit report information. *Id.* ¶¶ 32–34. Ms. Hennessey further asserts that because TransUnion requires Defendants to certify a permissible purpose prior to providing the credit report, Defendants were on notice that they were seeking unauthorized access to her personal information. *Id.* ¶¶ 23, 36.

On June 17, 2024, Ms. Hennessey sent Defendants a Pre-Litigation Notice informing them that she would be initiating a lawsuit. *Id.* ¶ 43. On November 5, 2024, Ms. Hennessey filed an Identity Theft report with the Federal Trade Commission and a complaint with the Consumer Protection Financial Bureau regarding Defendants' actions. *Id.* ¶¶ 46–47. Ms. Hennessey subsequently filed her lawsuit in Thurston County and Defendants removed the case to this Court based on federal question jurisdiction. *Id.* ¶ 45; *See* Dkt. 1 at 1. Ms. Hennessey twice amended

her complaint, *see* Dkt. 7; Dkt. 17, and now brings seven claims against Defendants: violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, § 1681q ("FCRA"), violation of the Washington Fair Credit Reporting Act, RCW 19.182.020 ("WFCRA"), violation of the Washington Consumer Protection Act, RCW 19.86.020 ("CPA"), identity theft, RCW 9.35.020, and invasion of privacy by intrusion upon seclusion. Dkt. 17 ¶¶ 63–166.

Defendants moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6), Dkt 18, and Ms. Hennessey responded, Dkt. 19. The motion is ripe for the Court's consideration.

### III.    DISCUSSION

**A.    Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Complaints may be dismissed under Rule 12(b)(6) for either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted).

To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Twombly*, 550 U.S. at 555, but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Tr.*, 768 F.3d at 945. But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**B.      Fair Credit Reporting Act Claims**

*1.      Ms. Hennessey's complaint states a plausible claim for relief.*

"Congress enacted the FCRA in 1970 to promote efficiency in the Nation's banking system and to protect consumer privacy." *TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001) (citing 15 U.S.C § 1681(a)). "Those two goals lie in tension, and the FCRA strikes a balance between them." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010). The Act authorizes credit reporting agencies to furnish consumer reports because they "have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." *Id.* "At the same time, the FCRA . . . permits agencies to furnish credit reports only for 'certain statutorily enumerated purposes.'" *Id.* (quoting *Andrews*, 534 U.S. at 19).

"[A plaintiff] has standing to vindicate her right to privacy under the FCRA when a third-party obtains her credit report without a purpose authorized by the statute, regardless [of] whether the credit report is published or otherwise used by that third-party." *Nayab v. Cap. One Bank (USA), N.A.*, 942 F.3d 480, 491, 493 (9th Cir. 2019) (reasoning that a harm caused by "a violation of § 1681b(f)(1) of the FCRA is closely related to—if not the same as—a harm that has traditionally been regarded as providing a basis for a lawsuit: intrusion upon seclusion (one form of the tort of invasion of privacy).")."). Here, Ms. Hennessey alleges Defendants obtained her credit

report without an authorized purpose and thus has standing to bring this suit. *See generally* Dkt. 17.

Section 1681b(a) enumerates the set of permissible purposes for which a credit reporting agency can provide a consumer credit report to a third party and includes:

> (3) To a person which it has reason to believe—
>
>> (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>>
>> (B) intends to use the information for employment purposes; or
>>
>> (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or
>>
>> (D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or
>>
>> (E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or
>>
>> (F) otherwise has a legitimate business need for the information--
>>
>>> (i) in connection with a business transaction that is initiated by the consumer; or
>>>
>>> (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

15 U.S.C. § 1681b(a)(3)(A)–(F). Importantly, the FCRA prohibits not only credit reporting agencies from furnishing credit reports absent a permissible purpose; it also prohibits third parties from using or obtaining consumer reports without an enumerated purpose. *See* 15 U.S.C. § 1681b(f) ("A person shall not use or obtain a consumer report for any purpose

unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under [§ 1681b(a)].").

Defendants argue that Ms. Hennessey's FCRA claim fails because "[a]s a debt collector, Pendrick had a permissible purpose to access Plaintiff's credit report in connection with the debt collection process as a matter of law." Dkt. 18 at 4. Defendants further dismiss as irrelevant Ms. Hennessey's allegations that she neither consented to Pendrick accessing her consumer report nor engaged in any business transactions with Pendrick. *Id.* at 6. Defendants then conclude that Ms. Hennessey's FCRA claim is insufficiently pled and "provides virtually no factual detail and fails to show how the FCRA even applies in this action." *Id.* at 7 (citation omitted).

This argument is unpersuasive. To start, "a plaintiff need allege only facts giving rise to a reasonable inference that the defendant obtained his or her credit report in violation of § 1681b(f)(1) to meet their burden of pleading." *Nayab*, 942 F.3d at 493 (citing *Iqbal*, 556 U.S. at 678)). Here, Ms. Hennessey asserts that despite having no credit relationship with Defendants as specified in 15 U.S.C. § 1681b(a)(3)(A)–(F), she discovered Defendants had submitted an inquiry to TransUnion and obtained her credit report. Dkt. 17 ¶¶ 5–6, 40. These factual allegations sufficiently give rise to a reasonable inference that Defendants acquired her credit report without a permissible purpose. *See Nayab*, 942 F.3d at 496–97 ("These allegations, together with Nayab's allegation that Capital One, in fact, obtained her report, state a plausible claim for relief. These are not simply bare conclusions devoid of facts supporting them.").

    2.    *Defendants bear the burden of proving they had a permissible purpose.*

"[T]he general rule of statutory construction [is] that the burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits." *Id.* at 494 (citation omitted). In other words, "exceptions to the general prohibition in § 1681b(f) are not elements of [the plaintiff's] prima facie case which she must

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 6

negat[e] to state a claim, rather they are affirmative defenses for which [Defendants] bear[] the burden." *Id.* at 499 (citing *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017)).

While "plaintiffs ordinarily need not plead on the subject of an anticipated affirmative defense . . . [w]hen an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) (internal citations omitted). Thus, "[d]ismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (collecting cases).

Defendants bear the burden of pleading and proving that they had a permissible purpose to obtain Ms. Hennessey's credit report. *See Nayab*, 942 F.3d at 499. But Defendants have not brought a summary judgment motion or presented evidence to prove their affirmative defense. *See* Dkt. 18. Nor does Defendants' motion address their burden or the legal authority discussed above. *See id.* 5. If the affirmative defense was obvious from the face of Ms. Hennessey's complaint, then Defendants may have raised their permissible purpose defense in a motion to dismiss. *See Rivera*, 735 F.3d at 902. But nothing in the complaint itself shows that Defendants had a permissible purpose. *See generally* Dkt. 17. On the contrary, the complaint alleges that Ms. Hennessey did not have any credit transaction or accounts that were purchased by Defendants as debt collectors that would allow Defendants to obtain her credit report. *See* Dkt. 17 ¶¶ 25–28 ("Plaintiff did not initiate any credit transaction with the Defendants"; "Plaintiff was not involved in any credit transaction with the Defendants involving the extension of credit to, or review or collection of an account of, the consumer"; "Plaintiff is not aware of any collection accounts, including any accounts or credit transaction that were purchased or

acquired by Defendants"; "Plaintiff does not have any existing credit transactions that were subject to collection efforts by Defendants.").

While Defendants might ultimately prevail on this defense at a later stage of the litigation, they cannot do so under the legal standard of Rule 12(b)(6). The Court therefore DENIES the motion to dismiss the FCRA claims.

**C.  Washington Fair Credit Reporting and Consumer Protection Act Claims**

Like the FCRA, the WFCRA enumerates a set of circumstances that permit credit reporting agencies to furnish consumer credit reports to third parties. *See* RCW 19.182.020(1). The state law also prohibits any person from procuring credit reports "for employment purposes" without complying with disclosure and use restrictions. RCW 19.182.020(2)(b)–(d).

"The CPA provides that 'unfair or deceptive acts or practices in the conduct of any trade or commerce' are unlawful." *Indus. Indem. Co. of the Nw., Inc. v. Kallevig*, 114 Wn.2d 907, 920, 792 P.2d 520 (1990) (citing RCW 19.86.020). To bring a CPA claim, the plaintiff "must show (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the party in his business or property, and (5) which injury is causally linked to the unfair or deceptive act." *Id.* at 920–21 (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 784–85, P.2d 531 (1986)). "A violation of [WFCRA] is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act." RCW 19.182.150; *see Leavitt v. Credit Cent., LLC*, 23-CV-01817-RAJ, 2024 WL 4839360, at *3 (W.D. Wash. Nov. 20, 2024) ("RCW 19.182.150 explicitly makes a violation of the WFCRA a violation of the WCPA.") (citation omitted).

Defendants argue that the WFCRA applies only to conduct by a consumer reporting agency, and because Pendrick is a debt collector, the provisions are inapplicable to Defendants.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 8

Dkt. 18 at 9. As a general matter, this is incorrect. While the provisions of RCW 19.182.020(2)(a) apply specifically to consumer reporting agencies, RCW 19.182.020(2)(b)–(d) restricts the ways in which any person, including a debt collector, can acquire and use a consumer's credit report.

Here, however, Ms. Hennessey has not asserted factual allegations that would state a WFCRA claim. Acquiring credit reports under WFCRA is prohibited when they are obtained by an employer without informing the employee. RCW 19.182.020(2)(b). The WFCRA also forbids employers from using information from credit reports that bears on an employee's creditworthiness, credit standing, or credit capacity for employment purposes unless the information is substantially job related and disclosed in writing or is required by law. RCW 19.182.020(2)(b)–(c). But Ms. Hennessey alleges several times in the complaint that she has never "made [an] application for employment" with Defendant. Dkt. 17 ¶ 80; *see also id.* ¶¶ 29, 101, 116, 128. Without any allegations of an employment relationship, Ms. Hennessey cannot plead a WFCRA claim. And because she has not pled a WFCRA claim, her CPA claim premised on a violation of WFCRA also fails. The Court therefore GRANTS Defendants' motion to dismiss Ms. Hennessey's WFCRA and CPA claims. These claims are DISMISSED without prejudice.

D.      **Invasion of Privacy and Identity Theft Claims**

Defendants next argue that Ms. Hennessey's claims of invasion of privacy and identity theft under RCW 9.35.020 should be dismissed because they are preempted by the FCRA. Dkt. 18 at 7. Defendants assert that Section 1681t(b)(1)(F) of the FCRA is a total preemption provision which provides, "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 9

agencies[.]" 15 U.S.C. § 1681t(b)(1)(F); *see* Dkt. 18 at 7–8. Defendants contend, "[t]he district courts read the FCRA's preemption clause to preclude all state common law and statutory claims, to effect Congress' intent to limit a plaintiff's recovery against furnishers of credit information to only the remedies provided under the FCRA." Dkt 18. at 8 (quoting *Miller v. Bank of Am., Nat. Ass'n*, 858 F. Supp. 2d 1118, 1124 (S.D. Cal. 2012)). Since "Plaintiff's state law claims are all derived from the same core contention, *i.e.*, that Pendrick accessed Plaintiff's consumer credit report without a 'permissible purpose,'" Defendants conclude they should be dismissed. *Id.*

Defendants correctly assert that state law claims premised on "the responsibilities of persons who furnish information to consumer reporting agencies" are preempted by the FCRA. 15 U.S.C. § 1681t(b)(1)(F); *see* Dkt. 18 at 7–8. But as Defendants themselves point out, Ms. Hennessey's claims are not based on Defendants' actions as entities *furnishing* information to consumer reporting agencies, but instead as debt collectors *acquiring* credit reports from consumer reporting agencies. *See Hennessey v. Radius Glob. Sols. LLC*, 3:24-CV-05654-DGE, 2024 WL 5119824, at *12 (W.D. Wash. Dec. 16, 2024) (emphasis added) ("As these common law claims are not premised on RGS's conduct relating to a furnisher's responsibilities to provide accurate information and conduct reasonable investigations following a dispute, they are not preempted.") (cleaned up).

Therefore, Ms. Hennessey's claims of invasion of privacy and identity theft are not preempted by the FCRA. Since preemption is Defendants' sole argument for dismissal of these claims, the Court DENIES the motion to dismiss the invasion of privacy and identity theft claims.

E.   **Claims Against Pendrick Capital Partners Asset Management, LLC**

Finally, Defendants argue that Ms. Hennessey's complaint fails to distinguish which Pendrick Defendant reviewed her credit report. Dkt. 18 at 10. They explain that the "correct and sole defendant in this matter should only be Pendrick Capital Partners, LLC" and argue that "Pendrick Capital Partners Asset Management, LLC, which is a separate and unrelated entity, should be separately dismissed outright." *Id.* From the face of Ms. Hennessey's complaint, drawing all inferences in her favor, she has plausibly alleged that both defendants were responsible for the challenged conduct. If the Defendants wish to clarify which entity is responsible, they may file a partial summary judgment motion supported by evidence, or they may present that evidence to Ms. Hennessey and seek agreement to dismiss the incorrect party through a stipulated motion. But the Court cannot do so based on the standards of Rule 12(b)(6).

F.   **Leave to Amend**

Ms. Hennessey requests leave to amend her complaint to correct any deficiencies the Court identifies. Dkt 19 at 11.

"Leave to amend shall be freely given when justice so requires, and this policy is to be applied with extreme liberality." *Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024) (quoting *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014)). The Ninth Circuit has repeatedly held that "[e]ven if a complaint is deficient . . . 'a district court should grant leave to amend *even if no request to amend the pleading was made*, unless it determines that the pleading could not be cured by the allegation of other facts.'" *Id.* (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)) (emphasis in original).

Ms. Hennessey has twice amended her complaint. *See* Dkt. 7; Dkt. 17. Still, because it remains a possibility that the defects in the WFCRA and CPA claims could be cured by the allegation of other facts, the Court GRANTS Ms. Hennessey leave to amend her complaint. If

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 11

Ms. Hennessey chooses to file an amended complaint, she must do so no later than March 24, 2025.

### IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- Defendants' motion to dismiss Ms. Hennessey's FCRA claims under 15 U.S.C. §§ 1681b, 1681q is DENIED.

- Defendants' motion to dismiss Ms. Hennessey's claims brought under WFCRA, RCW 19.182.020(1), and the CPA, RCW 19.86.020, is GRANTED. These claims are DISMISSED without prejudice.

- Defendant's motion to dismiss Ms. Hennessey's claims for invasion of privacy and identity theft, RCW 9.35.020, is DENIED.

- Ms. Hennessey's request for leave to amend is GRANTED. Ms. Hennessey may file an amended complaint no later than March 24, 2025.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 3rd day of March, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS - 12